```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


AJAMU M. KAFELE,

            Plaintiff,
    vs.                                Civil Action 2:03-CV-638
                                       Judge Holschuh
                                       Magistrate Judge King
JAVITCH, BLOCK, EISEN &
RATHBONE, et al.,

            Defendants.
```

## OPINION AND ORDER

Plaintiff, who is proceeding in this action without the assistance of counsel, alleges that defendants, a law firm and certain individual attorneys of that firm, violated his rights under the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practice Act in attempting to collect a consumer debt allegedly owed by plaintiff to a third party. This matter is now before the Court on defendants' motion to dismiss the action because of plaintiff's failures to comply with this Court's discovery orders and to cooperate in the discovery process. Doc. No. 47.

This litigation has been marked by discovery disputes between the parties. On April 4, 2005, this Court granted defendants' motion to compel discovery after concluding that defendants' written discovery requests "fall within the ambit of discovery authorized by Fed. R. Civ. P. 26(d), and the broad, improper objections asserted by Plaintiff are ineffective to relieve him of responding to Defendants' legitimate discovery requests." *Opinion and Order,* at p. 5, Doc. No. 40.  Although the Court declined to dismiss the action at that juncture, as defendants had requested, monetary sanctions were assessed against plaintiff under F.R.Civ.P. 37 and plaintiff was expressly ordered to "promptly and

substantively . . . respond to defendants' written discovery requests and to submit to deposition." Id., at p. 7, Doc. No. 40. Furthermore, plaintiff was "expressly advised that his failure to strictly comply with any portion of this order, or to fully participate in the discovery process, will result in the dismissal of the action." *Id.,* at 7-8.

The record in this action establishes that plaintiff persists in his attempts to avoid legitimate discovery. Defendants ask, once again, that this action therefore be dismissed. This Court agrees that dismissal of the action is appropriate.

Particularly egregious was plaintiff's conduct during his May 6, 2005, deposition. *See generally Kafele Deposition*, attached as Exhibit 1 to Doc. No. 53. At the outset of the deposition, plaintiff refused to answer the question, "And how old are you, sir?" because plaintiff regarded the inquiry as irrelevant to the issues in the case. *Kafele Deposition*, at p. 6. Plaintiff was advised by defense counsel that, although he was permitted to register an objection to the inquiry, he was not permitted to refuse to answer unless the information sought was privileged. Plaintiff thereupon refused to provide his age, invoking his rights under the Fifth Amendment to the Constitution. *Id.*, at pp. 6 – 7:

> It's a personal opinion. I'm under oath, anything I say here is subject to the crime of the penalty of perjury unless I'm misunderstanding the law.

*Id.*, at p. 7. A telephone conference was thereupon convened with the Magistrate Judge, who advised plaintiff as follows:

> Mr. Kafele, I understand that you have two objections to answering the question about how old you are. One was that you believe that you had the right to invoke the Fifth Amendment in response to that question. I have told you that

>           your invocation of the Fifth Amendment in
>           response to that question was improper.
>
>              Now, you also said that you believed the
>           question asked for information that is not
>           relevant to any claim or defense in this case.
>           And I'm telling you as it relates to that
>           objection, you have the right to note the
>           objection on the record based on what you believe
>           to be an objection based on relevancy, but that
>           objection does not permit you to refuse to answer
>           the question.

*Id.*, pp. 12 - 13.  Notwithstanding this clear and unambiguous admonishment, the following exchange took placed immediately following the conference with the Magistrate Judge:

>       A [Plaintiff].I don't recall my age.  Next
>            question.
>
>       Q [Defense counsel].What was your date of birth?
>
>       A.    I don't recall my date of birth.
>
>       Q.    Do you have a driver's license on you?
>
>       A.    No, I don't.
>
>       Q.    Do you have any form of identification on
>             you?
>
>       A.    No, I don't.
>
>       Q.    Where were you born?
>
>       A.    I don't recall.
>
>       Q.    Do you have parents?
>
>       A.    I don't recall.
>
>       Q.    Do your parents -- are your parents living
>             or deceased?
>
>       A.    I don't recall.  Are you going to ask me
>             some relevant questions to the defense and
>             claims or are you going to find out about
>             my livelihood for your personal gain?
>
>       Q.    You've indicate you don't recall whether –
>
>       A.    That's right.

      Q.    -- or not you have parents.  Do you have siblings?

      A.    I don't know.

      Q.    Are you married?

      A.    I don't recall.

      Q.    Where do you live?

      A.    I don't recall.

      Q.    What's your home address?

      A.    I don't recall.

      Q.    How long have you lived there?

      A.    I don't recall.

      Q.    What's your current occupation?

      A.    Who said I had an occupation?

      Q.    Are you gainfully employed?

      A.    Who said I was employed?

      Q.    I'm asking you a question.

      A.    I'm asking you, who said I was employed?

      Q.    Are you employed?

      A.    I don't recall being employed.

*Plaintiff's Depo.,* pp. 19 - 21. Plaintiff has also persistently refused to provide substantive response to interrogatories propounded by defendants.  *See, e.g., Plaintiff's Answers to Interrogatories*, attached as Exhibit 1 to *Motion to Dismiss*, Doc. No. 47.

     Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions, including dismissal of an action, for failure to comply with a court's order or to participate in the discovery

process.[1]  In determining whether dismissal is an appropriate sanction under Rule 37 for discovery abuses by a litigant, a court must consider four (4) factors:

> (1) whether the party's failure is due to wilfulness, bad faith or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transp.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

Plaintiff's repeated and persistent refusal to participate in the discovery process has clearly been wilful and done in defiance of the express and unambiguous orders of this Court.  As a result, the defendants have been denied virtually all discovery in this case.  Moreover, plaintiff has been warned – most recently in the April 4, 2005, *Opinion and Order* granting defendants' motion to compel and awarding monetary sanctions against plaintiff, Doc. No. 40 – that his continued refusal to participate in the discovery process would result in the dismissal of the action.  Nevertheless, plaintiff persists in attempting to transform the litigation process initiated by him into a

---

[1]Rule 37(b)(2) provides in pertinent part:

> If a party...fails to obey an order to provide or permit discovery...the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

game.  Under these circumstances, no sanction other than dismissal of the action is appropriate.

Accordingly, defendants' motion to dismiss, Doc. No. 47, is **GRANTED.**

This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** in this case.


October 26, 2005

/s/ John D. Holschuh
John D. Holschuh, Judge
United States District Court